# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

**SHENITHIA COWELL**, individually and
on behalf of all similarly situated individuals,

    Plaintiffs,

v.

**UTOPIA HOME CARE, INC.**,

    Defendant.

Case No.

Hon.

**CLASS ACTION AND
COLLECTIVE ACTION
COMPLAINT**

**DEMAND FOR JURY TRIAL**

---

Plaintiff, SHENITHIA COWELL ("Plaintiff"), by and through the undersigned attorneys,
brings this Complaint against Defendant, Utopia Home Care, Inc. ("Defendant" or "UHC"),
individually and on behalf of all similarly situated individuals and states as follows:

## INTRODUCTION

1.    This is a class and collective action brought by Plaintiff on her own behalf and on
behalf of all similarly situated current and/or former employees of UHC to recover for UHC's
willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the New
York Minimum Wage Age ("NYMWA") §§ 650, *et seq.*, 12 N.Y.C.R.R. §§ 142, *et seq.*
("NYCRR"), and other appropriate rules, regulations, statutes, and ordinances.

2.    UHC employs between 1,001-5,000 individuals as "nurses, therapists, social
workers, home health aides, personal care aides, live-in aides and homemakers."[1]  Through its
employees, UHC provides "24 hours a day, 7 days a week" compassionate care.[2]  The rates and
pricing for UHC's services depends on the "type of service needed (RN, HHA, Homemaker or
combination), length of services (hourly, daily, respite or live in), and the type of payer source

---

[1]    http://www.linkedin.com/company/utopia-home-care-inc. (last visited Jan. 31, 2014).

[2]    http://utopiahomecare.com/services.html (last visited Jan. 31, 2014).

benefits (long term care insurance, Medicaid/Medicare, private pay)."[3]

3.     The individuals Plaintiff seeks to represent in this action are current and former similarly situated employees of UHC who were not properly compensated with overtime pay as required under the FLSA and NYMWA.  The U.S. Department of Labor has recognized that employees engaged in companionship services that spend "more than 20 percent of his/her time doing general household work . . . must be paid at least . . . one and one-half times the regular rate of pay for hours in excess of forty in a workweek."  *See* DOL Fact Sheet #25, at 2, attached hereto as Exhibit A.

4.     UHC knew or should have known that its employees are not exempt under the FLSA's companionship exemption and it could have properly compensated Plaintiff and the Class for the overtime work they performed, but it did not.  On her own behalf and on behalf of the hundreds, if not thousands of other similarly situated employees of UHC, Plaintiff seeks to recover the full measure of back-pay and damages allowed by law.

## JURISDICTION AND VENUE

5.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. §§ 201, *et seq.*

6.     This Court also has subject-matter jurisdiction over Plaintiff's Collective Action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

7.     This Court has personal jurisdiction over UHC because its corporate headquarters is located in this District.

---

[3]      http://utopiahomecare.com/home/faq.html?view=faq&catid=4 (last visited Jan. 31, 2014).

8.     Upon information and belief, UHC's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## PARTIES

10.     Plaintiff, SHENITHIA COWELL, is an individual who resides in the County of Suffolk, City of Mastic Beach, New York.  Plaintiff worked as an hourly employee for Defendant from 2003 until January 2013 as a Home Health Aide, and has executed her consent to sue form which is attached hereto as Exhibit B.

11.     Plaintiff seeks to represent all similarly situated current and former employees who were employed by Defendant Utopia Home Care, Inc. to perform work in its clients' homes throughout six different states—Connecticut, Florida, New York, North Carolina, Pennsylvania, and South Carolina.

12.     Defendant Utopia Home Care, Inc. is a New York corporation which, through twenty-two (22) locations in six different states, provides in-home personal care, management and/or treatment of a variety of conditions by "nurses, therapists, social workers, home health aides, personal care aides, live-in aides and homemakers."[4]

13.     Defendant is headquartered in the State of New York, with its principal address at 60 East Main Street, Kings Park, New York, 11754.

14.     Defendant employees between 1,001-500 employees as "nurses, therapists, social

---

[4]     *See* http://www.linkedin.com/company/utopia-home-care-inc. (last visited Jan. 31, 2014).

workers, home health aides, personal care aides, live-in aides and homemakers."[5]

15.     Defendant employs, among other positions, Home Health Aides and Personal Care Aides "to provide personal care and related services . . . ."[6]

16.     The tasks Defendant charges its Home Health Aides to perform include: "Assisting with personal hygiene, toileting, dressing, walking and feeding the client; Medication reminders; Basic meal preparation; Helping to monitor the patient's overall health and well being."[7]

17.     Similarly, the tasks Defendant charges its Personal Care Aides to perform include: Bathing; Dressing; Errands; Feeding; Grocery Shopping; Grooming; Incontinence Care; Meal Preparation; Medication Reminders; Mobility; Personal Hygiene; Skin Care; Ambulation and Transfer; Toileting; Change of Position or Turning Client; Instruction to Informal Caregiver.[8]

18.     Defendant is registered to do business in New York and can be served through its Chief Executive Officer Manuel F. Martinez located at 60 East Main Street, Kings Park, New York, 11754.

## GENERAL ALLEGATIONS

19.     Throughout her employment with Defendant, Plaintiff regularly worked more than forty (40) hours per week in the homes of Defendant's clients to whom she was assigned by Defendant to provide domestic services; including, but not limited to, meal preparation and service; cleaning the kitchen and other rooms; cleaning the bathroom; shopping for groceries and other items; making beds; washing clothes; washing dishes; mopping/vacuuming/sweeping

---

[5]     *Id.*

[6]     *See* http://utopiahomecare.com/services/aides.html (last visited January 31, 2014).

[7]     *Id.*

[8]     *Id.*

floors; dusting; clean the whole house; taking out trash; errands outside of the home; shopping for supplies; helping with lawn care and gardens; shoveling snow; medical and other appointments; and personal hygiene care, dressing, and cleaning.

20. Defendant assigned duties to Plaintiff that included both exempt and non-exempt duties.

21. Defendant assigned duties to Plaintiff that rendered fellowship and related companionship services to Defendant's clients to less than 80 percent of her job duties.

22. Defendant assigned duties to Plaintiff that included providing general household work for Defendant's clients for more than 20 percent of her time.

23. Defendant requires its Home Health Aides to complete and submit an "Employee Time Sheet and Aide Charting Sheet" detailing the time they arrived and departed a client's home, as well as a "Plan of Care" checklist detailing the tasks they performed under the headings Personal, Mobility, and Nutritional/Metabolic Needs. *See* Exhibit C. Upon information and belief, The Plan of Care documents are completed by the Home Health Aide, approved by Defendant's clients, and kept by Defendant.

24. Plaintiff's most recent hourly rate was $13.12, and her rate when she stared working for Defendant was $9.00 per hour.

25. There is a genuine issue as to the amount and extent of the general household work that Plaintiff performed. Plaintiff regularly worked over fifty (50) hours per week while employed by Defendant and performed general household work for more that 20 percent of her total weekly hours worked. *See, e.g.,* Plaintiff's paystub for the pay period 12/03/2012 through 12/09/2012, attached hereto as Exhibit D.

26. At all times relevant to this Complaint, Defendant paid Plaintiff her straight

hourly rate for all hours worked and *withheld* wages at one-and-one-half times that hourly rate when she worked more than forty hours per week, even if that time was coded as "OVERTIME" in the "Pay Type" category of her pay stub. *See, e.g.,* Exhibit D.  Further, Defendant maintained a policy and practice of paying overtime at less than the proper legal rate for each hour worked over 40 hours in a workweek. *Id.*

27.     On or about August 10, 2012, Defendant adjusted the hourly rate of employees' non-Medicaid reimbursed cases to $10.00 per hour in Suffolk and $9.50 in Nassau while keeping any overtime rates fixed at $10.88/hour. *See Letter from Diane Martinez*, dated August 10, 2012, attached hereto as Exhibit E.

28.     Defendant knew or should have known that the FLSA's domestic companionship service employment exemption, 29 U.S.C. § 213(a)(15), was neither intended to exempt nor by proper statutory interpretation does exempt employees of businesses such as Defendant's that perform general household work for more that 20 percent of their total weekly hours worked.

29.     Defendant knew or should have known that, under 29 C.F.R. § 552.6, the "companionship services" exemption does not apply to an employee who also performs general household work where those activities "exceed 20 percent of the total weekly hours worked."

30.     Defendant knew or should have that, under the FLSA, Plaintiff should have been paid overtime "at a rate not less than one and one-half times the regular rate" and which she was employed. 28 U.S.C. § 207(a)(1).

31.     Defendant knew or should have known that, under the NYMWA, Plaintiff should have been paid overtime "at a wage rate of one and one-half times" her regular rate. *See* 12 N.Y.C.R.R. § 142-2.2.

32.     In reckless disregard of the FLSA, the NYMWA, and the NYCRR protections

afforded Plaintiff and similarly situated individuals, Defendant adopted and then adhered to its policy and plan of treating Plaintiff as exempt from overtime requirements.

## COLLECTIVE ACTION ALLEGATIONS

33.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA individually and on behalf of:

> All current and former Home Health Aides and Personal Care Aides employed by Utopia Home Care, Inc. at any time during the last three years, who worked over 40 hours per week, and were not paid overtime for hours worked over 40 in a workweek.

34.     Plaintiff does not bring this action on behalf of any employees exempt from coverage under the FLSA pursuant to the executive, administrative, or professional exemptions, or for those Home Health Aides or Personal Care Aides who were paid overtime at the proper legal rate for each hour worked over 40 hours in a workweek.

35.     *29 U.S.C. § 216(b) Conditional Certification "Similarly Situated" Standard*: With respect to the claims set forth in the FLSA action, conditional certification under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b).  The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan (namely, Defendant's policy of not paying their Home Health Aide and Personal Care Aides employees overtime at a rate of one-and-one-half times their regular rate); (c) their claims are based upon the same factual and legal theories; and (d) the employment relationship between Defendant and every putative Class member is exactly the same and differs only by name, location, and rate of pay.

36.     Plaintiff estimates the collective Class, including both current and former employees over the relevant period, will include several thousand members.  The precise number of collective Class members should be readily available from a review of Defendant's personnel, scheduling, time and payroll records, and from input received from the collective class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

37.     Plaintiff's entitlement to overtime pay would be similar, except for amount, to the entitlement of individuals similarly situated to her and depends on an identical factual question: whether they were employed by Defendant to work in the clients' homes to provide companionship services; or instead, whether they were employed by Defendant to perform general household work for their clients in the clients' homes for more than 20 percent of the total weekly hours worked.

38.     The status of all individuals similarly situated to Plaintiff raises an identical legal question: whether their employment by Defendant primarily to provide general household work for the clients in the clients' homes exempted them as employees "in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves" from the FLSA right to overtime pay.  *See* 29 U.S.C. § 213(a)(15).

39.     Plaintiff and all similarly situated individuals will be denominated "exempt" or "non-exempt" employees under similar factual and legal standards, with similar consequences apart from amount, as to their entitlement to overtime pay.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff brings the action pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(4) on behalf of a putative Class defined to include:

> All current and former hourly workers employed by Utopia Home
> Care, Inc. in New York at any time during the last six years, who
> worked over 40 hours per week, and were not paid overtime for
> hours worked over 40 in a workweek.

Plaintiff reserves the right to amend the putative class definition as necessary.

41.     *Numerosity:*  The members of the New York Class are so numerous that joinder of all members in the case would be impracticable.  Plaintiff reasonably estimates there are over 100 Class members who reside and work in New York.  The precise number of Class members should be readily available from a review of Defendant's personnel and payroll records.

42.     *Commonality/Predominance:*  There is a well-defined community of interest among New York Class members and common questions of *both* law and fact predominate in the action over any questions affecting individual members.  These common legal and factual questions include, but are not limited to, the following:

> a.   whether Defendant maintained common policies or practices that required its employees to perform work beyond 40 hours in a workweek;
>
> b.   whether the NYMWA requires Defendant to pay overtime wages to Plaintiff and the putative class members for requiring them to perform work;
>
> c.   whether Defendant violated the NYMWA through its pay practices;
>
> d.   whether Defendant should be required to pay compensatory damages, attorneys' fees, costs, and interest for violating the NYMWA; and
>
> e.   whether Defendant's violations were willful.

43.     *Typicality:*  Plaintiff's claims are typical of those of the New York Class in that Plaintiff and all other members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices.  Plaintiff's claims arise from the same Defendant policies, practices, and course of conduct as all other New York Class members' claims and Plaintiff's legal theories are based on the same legal theories as all other New York

Class members: whether all Class members were employed by Defendant on an hourly basis without receiving overtime wages owed for that work.

44.  *Adequacy:*  Plaintiff will fully and adequately protect the interests of the New York Class and Plaintiff retained national counsel who are qualified and experienced in the prosecution of nationwide wage-and-hour class actions.  Neither Plaintiff nor her counsel has interests that are contrary to, or conflicting with, the interests of the New York Class.

45.  *Superiority:*  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically infeasible for New York Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

46.  The case will be manageable as a class action.  Plaintiff and their counsel know of no unusual difficulties in the case and Defendant has payroll systems that will allow the class, wage, and damages issues in the case to be resolved with relative ease.  Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate.  *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue her claim as a class action").

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201, *et seq.*, FAILURE TO PAY OVERTIME WAGES

47.  Plaintiff re-alleges and incorporates all previous paragraphs herein.

48.  At all times relevant to this action, Defendant was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq*.

49.  Defendant is engaged in interstate commerce or in the production of goods for

commerce, as defined by the FLSA.

50.     At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

51.     Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

52.     The position of Home Health Aide is not exempt from the FLSA.

53.     Defendant's other hourly domestic services workers (e.g., Personal Care Aides) are not exempt from the FLSA.

54.     At all times relevant to this action, Defendant "suffered or permitted" Plaintiff to work and thus "employed" her within the meaning of the FLSA, 29 U.S.C. § 203(g).

55.     The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

56.     Defendant violated the FLSA by failing to pay Plaintiff the federally mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

57.     Plaintiff regularly worked more than fifty (50) hours per workweek and was only paid straight time (i.e., her regular hourly rate) for hours worked in excess of forty (40) per workweek. *See, eg.,* Exhibit D.

58.     Upon information and belief, Defendant has corporate policies and practices of evading overtime pay for its hourly workers.

59.     Defendant's violations of the FLSA were knowing and willful.

60.     By failing to compensate its hourly workers at a rate not less than one and one-

half times their regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).  All similarly situated employees are victims of a uniform and company-wide policy which operates to compensate employees at a rate less than the federally mandated overtime wage rate.  This uniform policy, in violation of the FLSA, has been, and continues to be, applied to all employees who have worked or are working for Defendant in the same or similar position as Plaintiff.

61.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

### COUNT II

### (Class Action)
### VIOLATION OF THE NYMWA

62.     Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

63.     At all times relevant to the action, Defendant was an employer covered by the overtime mandates of the NYMWA, Plaintiff and the New York Class are employees entitled to the NYMWA's protections.

64.     The NYMWA entitles employees to certain hourly minimum wages, overtime wages, and other wages.  *See* N.Y. Labor Law Articles §§ 6 and 19, N.Y. Labor Law § 198, and the Wage Orders issued under 12 N.Y.C.R.R. §§ 137-143.

65.     The NYMWA entitles employees to bring a private action against an employer "to recover full wages, benefits and wage supplements and liquidated damages accrued during the six years previous to the commencing of such action."  N.Y. Labor Law § 198(3) ("Investigation by

the commissioner shall not be a prerequisite to nor a bar against a person bringing a civil action under this section.").

66.     The NYMWA entitles employees to overtime compensation "at not less than one and one-half times the regular rate" of pay of the employee for those hours in excess of 40 hours per week." *See* 12 N.Y.C.R.R. § 142-2.2.

67.     Defendant, Plaintiff, and New York Class members are "employer" and "employees" for the purposes of NYMWA.

68.     Defendant violated the NYMWA by regularly and repeatedly failing to compensate Plaintiff and the New York Class for the time spent on the work activities described in this Complaint.

69.     As a result, Plaintiff and the New York Class have and will continue to suffer loss of income and other damages.  Accordingly, Plaintiff and the New York Class are entitled to recover unpaid wages owed, plus costs, attorneys' fees, and other appropriate relief under the NYMWA at an amount to be proven at trial.

**WHEREFORE**, Plaintiff requests the following relief:

a.     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b.     Certifying the New York class in accordance with Fed. R. Civ. P. 23(b)(3) or (c)(4) with respect to the claims set forth above;

c.     Designating Named Plaintiff as the Class Representative;

d.     Appointing Johnson Becker, PLLC and Sommers Schwartz, P.C. as Interim Co-Lead Class Counsel with respect to Plaintiff's Rule 23 claims and FLSA claims;

e.     Declaring that Defendant willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

f.     Declaring that Defendant violated its obligations under the FLSA;

g.     Declaring that Defendants willfully violated the NYMWA;

h.  Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) times Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of the prescribed number of hours per week for the past three years for the FLSA Class and six years for the New York Class;

i.  Awarding liquidated damages to Plaintiff, in an amount equal to the amount of unpaid overtime wages found owing to Plaintiff and awarding Plaintiff and the class members all other available compensatory damages, including, *inter alia*, all unpaid wages, lost interest owed, and liquidated and double damages by Defendant under the NYMWA;

j.  Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action;

k.  Awarding pre- and post-judgment interest to Plaintiff on these damages; and

l.  Such further relief as this court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims asserted in this Complaint.

Dated January 31, 2014

David Ratner
**MORELLI ALTERS RATNER L.L.P.**
950 Third Avenue
New York, NY 1002
Telephone: (212) 751-9800
Fax: (212) 751-0046
DRatner@morellialters.com

*Local Counsel for Plaintiff*

/s/ Jacob R. Rusch
Jacob R. Rusch
MN Bar No. 391892 *(Pro Hoc Anticipated)*
Timothy J. Becker
MN Bar No. 256663 *(Pro Hoc Anticipated)*
**JOHNSON BECKER, PLLC**
33 South Sixth Street, Suite 4530
Minneapolis, Minnesota 55402
Telephone: (612) 436-1800
Fax: (612) 436-1801
jrusch@johnsonbecker.com
tbecker@johnsonbecker.com

Jason J. Thompson
MI Bar No. P47184 *(Pro Hoc Anticipated)*
Jesse L. Young
MI Bar No. P72614 *(Pro Hoc Anticipated)*
**SOMMERS SCHWARTZ, P.C.**
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 266-2536
jthompson@sommerspc.com
jyoung@sommerspc.com

*Trial Counsel for Plaintiff*

# EXHIBIT A

**U.S. Department of Labor**
Wage and Hour Division



U.S. Wage and Hour Division
(September 2013)

# Fact Sheet #25: Home Health Care and the Companionship Services Exemption Under the Fair Labor Standards Act (FLSA)

This fact sheet provides general information concerning the application of the FLSA companionship services exemption in the home health care industry. The following information applies to the home health care industry until January 1, 2015. As of that date, revised regulations regarding the companionship services become effective. For information on the new regulations see Fact Sheet: Application of the Fair Labor Standards Act to Domestic Service; Final Rule. The following information applies to the home health care industry until the new regulations are in effect.

**Characteristics**

Employers who provide home health care services for individuals who (because of age or infirmity) are unable to care for themselves may or may not be required to pay minimum wage and/or overtime premium pay depending upon the type of services provided and the nature of the working relationship. Employees providing "companionship services" as defined by the FLSA need not be paid the minimum wage or overtime. Trained personnel such as nurses, whether registered or practical, are not exempt from minimum wage or overtime under the exemption for companions, but registered nurses may be exempt as professionals. Certified nurse aides and home health care aides may be considered exempt from the FLSA's wage requirements depending upon the nature of their work. Please see Fact Sheet #17N for additional information on nursing exemptions.

**Requirements**

Persons employed in domestic service in households are covered by the FLSA. Nurses, certified nurse aides, home health care aides, and other individuals providing home health care services fall within the term "domestic service employment."

An employee who performs companionship services in or about the private home of the person by whom he/she is employed is exempt from the FLSA's minimum wage and overtime requirements if all criteria of the exemption are met. "Companionship services" means services for the care, fellowship, and protection of persons who because of advanced age or physical or mental infirmity cannot care for themselves. Such services include household work for aged or infirm persons including meal preparation, bed making, clothes washing and other similar personal services. General household work is also included, as long as it does not exceed 20 percent of the total weekly hours worked by the companion. Where this 20 percent limitation is exceeded, the employee must be paid for all hours in compliance with the minimum wage and overtime requirements of the FLSA.

The term "companionship services" does not include services performed by trained personnel such as registered or practical nurses. Registered nurses are exempt from the FLSA's wage requirements where their time is spent in the performance of the duties of a nurse and are paid on a salary or a "fee basis" as defined by Regulations, 29 CFR Part 541.

Individuals other than trained personnel (such as nurses) who attend to invalid infants and young children are considered companions, rather than babysitters, and their status may thus be within the companion exemption.

FS 25

Covered domestic service employees who reside in the household where they are employed are entitled to the minimum wage but may be exempt from the Act's overtime requirements.

**Typical Problems**

An employee hired as a companion to an aged individual with a physical infirmity spends more than 20 percent of his/her time doing general household work. That person must be paid at least the minimum wage and one and one-half the regular rate of pay for hours in excess of forty in a workweek.

An employee who provides care and protection for minor children, where the children are not physically or mentally infirm, must be paid the minimum wage and proper overtime compensation. This activity would not constitute exempt companionship services.

**Where to Obtain Additional Information**

**For additional information, visit our Wage and Hour Division Website: http://www.wagehour.dol.gov and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).**

This publication is for general information and is not to be considered in the same light as official statements of position contained in the Department's regulations.

**U.S. Department of Labor**                                         **1-866-4-USWAGE**
Frances Perkins Building                                               TTY: 1-866-487-9243
200 Constitution Avenue, NW                                          **Contact Us**
Washington, DC 20210

# EXHIBIT B

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SHENITHIA COWELL**, individually and on behalf of all similarly situated individuals, | Case No. |
| Plaintiffs, | Hon. |
| v. | |
| **UTOPIA HOME CARE, INC.,** | |
| Defendant. | |

## CONSENT TO JOIN

     1.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), I hereby consent to join and act as a plaintiff in the above-captioned lawsuit.

     2.     I agree to be bound by any adjudication or court rulings in the lawsuit, whether favorable or unfavorable.

     3.     I hereby designate Johnson Becker, PLLC and Sommers Schwartz, P.C., to represent me in the lawsuit under the terms and conditions set forth on the following page.

Signature: *Shenithia Cowell*
Shenithia Cowell (Jan 24, 2014)

Print Name: shenithia cowell

Address: 68 Whittier dr

City/State: mastic beach NY

Phone Number: 6318711077

Date Signed: Jan 24, 2014

You may mail, fax, or email your completed materials to:

Jacob R. Rusch
Johnson Becker, PLLC
33 South Sixth Street, Suite 4530
Minneapolis, MN 55402
Fax: (612) 436-1801

# EXHIBIT C

███████ NEW YORK
CONSUMER DIRECTED PERSONAL ASSISTANCE PROGRAM ██████
PLAN OF CARE

Consumer Name: _____ Date: _____

Address: _____

Telephone #: _____ DOB: _____

| TASKS AUTHORIZED | YES | NO | COMMENTS |
|---|---|---|---|
| PERSONAL | | | |
| Bathing | | | |
| Tub | | | |
| Shower | | | |
| Sponge | | | |
| Shampoo | | | |
| Grooming | | | |
| Shaving | | | |
| Skin Care: | | | |
| Lotion | | | |
| Medication | | | |
| Foot Care/nail cutting | | | |
| Monitor | | | |
| Oral Care | | | |
| Dressing | | | |
| MOBILITY | | | |
| Assistance with Ambulation | | | |
| Assist with Mobility | | | |
| Assist with Transfer | | | |
| One Person | | | |
| Mechanical | | | |
| Slide Board | | | |
| Assist with Range of Motion | | | |
| Active | | | |
| Passive | | | |
| NUTRITIONAL/METABOLIC NEEDS | | | |
| Meal Preparation | | | |
| Set Up | | | |
| Feed | | | |
| Tube Feeding | | | |
| G Tube Site Care | | | |
| Aspiration Precaution | | | |
| Monitor Blood Glucose | | | |
| Prepare Insulin | | | |
| Insulin Administration | | | |
| Medication Administration | | | |

██████ VISIT FREQUENCY

_____ HOURS _____ DAYS   Name of Agency (If known) _____

Nurse's Name: _____ Phone # _____

Pg.1of 2

~~███████~~ E NEW YORK
CONSUMER DIRECTED PERSONAL ASSISTANCE PROGRAM (~~████~~)
PLAN OF CARE

| TASKS AUTHORIZED | YES | NO | COMMENTS |
|---|---|---|---|
| Monitor Vital Signs | | | |
| EXCRETORY FUNCTIONS | | | |
| Assist with Toileting | | | |
| Hygiene after Toileting | | | |
| Incontinent | | | |
| Diapering | | | |
| Bowel Regime | | | |
| Colostomy Care | | | |
| Indwelling Catheter Care | | | |
| Suprapubic Catheter Care | | | |
| Condom Catheter Care | | | |
| Straight Catheterization | | | |
| | | | |
| RESPIRATORY FUNCTIONS | | | |
| Tracheotomy Care | | | |
| Assist with Oxygen | | | |
| Assist with Nebulizer | | | |
| Assist with Inhalers | | | |
| Assist with Nasal Spray | | | |
| Assist with Postural Drainage & Cupping | | | |
| Assist with Suctioning | | | |
| Assist with Ventilator Care | | | |
| | | | |
| WOUND CARE | | | |
| Assist with Dressing Changes | | | |
| Care of Drains | | | |
| PICC Line Care | | | |
| Assist with Orthotics & Prosthetics | | | |
| | | | |
| IADLS | | | |
| Housekeeping | | | |
| Dusting | | | |
| Floors | | | |
| Vacuum | | | |
| Mop | | | |
| Sweep | | | |
| Washing Dishes | | | |
| Laundry | | | |
| Trash Removal | | | |
| Making Beds | | | |
| Linen Change | | | |
| Clean Bathroom | | | |
| Clean Kitchen | | | |
| Shopping | | | |
| Essential Errands | | | |
| Other (Medically Necessary) | | | |

SKILLED TASKS:

COMMENTS:

Pg. 2 of 2

# EXHIBIT D

Utopia Home Care, Inc.

BRANCH- 002

SHENITHIA COWELL

S.S. # XXX-XX-6441          PERIOD ENDING 12/25/11      EMP#E08990          MAIL CODE Y

CHECK #994787
CHECK DATE-12/30/11

| LOCATION | PAY TYPE | POS | QUANTITY | RATE | EARNINGS CODE | AMT |
|----------|----------|-----|----------|------|---------------|-----|
| | | | | | 05 | .60 |
| 12/19 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.540 | | 62.70 |
| 12/19 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.540 | | 37.62 |
| 12/20 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.540 | | 62.70 |
| 12/20 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.540 | | 37.62 |
| 12/21 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.540 | | 62.70 |
| 12/21 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.540 | | 37.62 |
| 12/22 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.540 | | 62.70 |
| 12/22 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.540 | | 37.62 |
| 12/23 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.540 | | 62.70 |
| 12/23 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.540 | | 37.62 |
| 12/24 LEOKADIA C | OVERTIME | PCQ | 5.00 | 12.540 | | 62.70 |
| 12/24 LEOKADIA C | OVERTIME | PCQ | 3.00 | 12.540 | | 37.62 |
| 12/25 LEOKADIA C | OVERTIME | PCQ | 5.00 | 13.540 | | 67.70 |
| 12/25 LEOKADIA C | OVERTIME | PCQ | 3.00 | 13.540 | | 40.62 |

*TOTAL QUANTITY*        56.00

| | GROSS PAY | FICA | FED TAX | STATE | LOCAL | MISC | NET PAY |
|--|-----------|------|---------|-------|-------|------|---------|
| CHECK: | 710.24 | 40.13 | 38.97 | 25.24- | | .60 | 605.30 |
| Y.T.D. | 35681.34 | 2016.00 | 1589.40 | 1167.90 | | | |

Utopia Home Care, Inc.

SHENITHIA COWELL

BRANCH- 002
CHECK #946653

S.S.# XXX-XX-6441    PERIOD ENDING   EMP#308990    MAIL CODE Y    CHECK DATE- 3/25/11

LOCATION

| | PAY TYPE | POS | QUANTITY | RATE | EARNINGS CODE | AMT |
|---|---|---|---|---|---|---|
| | | | | | 05 | .60 |
| 3/14 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.540 | | 62.70 |
| 3/14 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.540 | | 37.62 |
| 3/15 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.540 | | 62.70 |
| 3/15 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.540 | | 37.62 |
| 3/16 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.540 | | 62.70 |
| 3/16 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.540 | | 37.62 |
| 3/17 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.540 | | 62.70 |
| 3/17 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.540 | | 37.62 |
| 3/18 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.540 | | 62.70 |
| 3/18 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.540 | | 37.62 |
| 3/19 LEOKADIA C | OVERTIME | PCQ | 5.00 | 12.540 | | 62.70 |
| 3/19 LEOKADIA C | OVERTIME | PCQ | 3.00 | 12.540 | | 37.62 |
| 3/20 LEOKADIA C | OVERTIME | PCQ | 5.00 | 12.540 | | 62.70 |
| 3/20 LEOKADIA C | OVERTIME | PCQ | 3.00 | 12.540 | | 37.62 |

*TOTAL QUANTITY*

| | GROSS PAY | FICA | FED TAX | STATE | LOCAL | MISC | NET PAY |
|---|---|---|---|---|---|---|---|
| | 56.00 | | | | | | |
| CHECK: | 702.24 | 39.68 | 31.09 | 24.69 | | .60 | 606.18 |
| Y.T.D. | 8625.69 | 487.35 | 358.53 | 292.24 | | | |

Utopia Home Care, Inc.

BRANCH- 002

HENITHIA COWELL

CHECK #637887

S.S. # XXX-XX-6441 PERIOD ENDING 12/02/12 EMP#E08990 MAIL CODE Y CHECK DATE-12/07/12

LOCATION

| | PAY TYPE | POS | QUANTITY | RATE | EARNINGS | CODE | AMT |
|---|---|---|---|---|---|---|---|
| 1/26 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | 05 | .60 |
| 1/26 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 1/27 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | | |
| 1/27 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 1/28 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | | |
| 11/28 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 11/29 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | | |
| 11/29 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 11/30 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | | |
| 11/30 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 12/01 LEOKADIA C | OVERTIME | PCQ | 5.00 | 12.840 | 64.20 | | |
| 12/01 LEOKADIA C | OVERTIME | PCQ | 3.00 | 12.840 | 38.52 | | |
| 12/02 LEOKADIA C | OVERTIME | PCQ | 5.00 | 12.840 | 64.20 | | |
| 12/02 LEOKADIA C | OVERTIME | PCQ | 3.00 | 12.840 | 38.52 | | |

*TOTAL QUANTITY* 56.00

| | GROSS PAY | FICA | FED TAX | STATE | LOCAL | MISC | NET PAY |
|---|---|---|---|---|---|---|---|
| CHECK: | 719.04 | 40.63 | 38.48 | 25.42 | | .60 | 613.91 |
| Y.T.D. | 33728.75 | 1905.68 | 1582.29 | 1109.59 | | | |

Utopia Home Care, Inc.

BRANCH- 002
CHECK #638649

SHENITHIA COWELL   S.S.- # XXX-XX-6441   EMP#B08990   PERIOD ENDING 12/09/12   MAIL CODE Y   CHECK DATE-12/14/12

| LOCATION | PAY TYPE | POS | QUANTITY | RATE | EARNINGS | CODE | AMT |
|---|---|---|---|---|---|---|---|
| 12/03 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | 05 | .60 |
| 12/03 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 12/04 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | | |
| 12/04 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 12/05 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | | |
| 12/05 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 12/06 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | | |
| 12/06 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 12/07 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | | |
| 12/07 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 12/08 LEOKADIA C | OVERTIME | PCQ | 5.00 | 12.840 | 64.20 | | |
| 12/08 LEOKADIA C | OVERTIME | PCQ | 3.00 | 12.840 | 38.52 | | |
| 12/09 LEOKADIA C | OVERTIME | PCQ | 5.00 | 12.840 | 64.20 | | |
| 12/09 LEOKADIA C | OVERTIME | PCQ | 3.00 | 12.840 | 38.52 | | |

*TOTAL QUANTITY*  56.00

| | GROSS PAY | FICA | FED TAX | STATE | LOCAL | MISC | NET PAY |
|---|---|---|---|---|---|---|---|
| CHECK: | 719.04 | 40.62 | 38.48 | 25.42 | | .60 | 613.92 |
| Y.T.D. | 34447.79 | 1946.30 | 1620.77 | 1135.01 | | | |

Utopia Home Care, Inc.

HENITHIA COWELL

BRANCH- 002
CHECK #639836

EMP#E08990     MAIL CODE Y

S.S. # XXX-XX-6441     PERIOD ENDING 12/16/12     CHECK DATE 12/21/12

| LOCATION | | PAY TYPE | POS | QUANTITY | RATE | EARNINGS | CODE | AMT |
|---|---|---|---|---|---|---|---|---|
| 2/10 | LEOKADIA C | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | 05 | .60 |
| 2/10 | LEOKADIA C | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 2/11 | LEOKADIA C | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | | |
| 2/11 | LEOKADIA C | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 2/12 | LEOKADIA C | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | | |
| 2/12 | LEOKADIA C | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 2/13 | LEOKADIA C | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | | |
| 2/13 | LEOKADIA C | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 2/14 | LEOKADIA C | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | | |
| 2/14 | LEOKADIA C | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 2/15 | LEOKADIA C | OVERTIME | PCQ | 5.00 | 12.840 | 64.20 | | |
| 2/15 | LEOKADIA C | OVERTIME | PCQ | 3.00 | 12.840 | 38.52 | | |
| 2/16 | LEOKADIA C | OVERTIME | PCQ | 5.00 | 12.840 | 64.20 | | |
| 2/16 | LEOKADIA C | OVERTIME | PCQ | 3.00 | 12.840 | 38.52 | | |

| *TOTAL QUANTITY* | 56.00 | | | | | |
|---|---|---|---|---|---|---|
| | GROSS PAY | FICA | FED TAX | STATE | LOCAL | MISC | NET PAY |
| CHECK: | 719.04 | 40.63 | 38.48 | 25.42 | | .60 | 613.91 |
| Y.T.D. | 35474.99 | 2004.34 | 1659.25 | 1163.54 | | | |

Utopia Home Care, Inc.                                              BRANCH- 002
CHENITHIA COWELL                          EMP#R08990   1/15/12      CHECK #997905
S.S. # XXX-XX-6441    PERIOD ENDING 1/15/12   MAIL CODE Y   CHECK DATE- 1/20/12

| LOCATION | | PAY TYPE | POS | QUANTITY | RATE | EARNINGS | CODE | AMT |
|---|---|---|---|---|---|---|---|---|
| 1/09 LEOKADIA C | | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | 05 | .60 |
| 1/09 LEOKADIA C | | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 1/10 LEOKADIA C | | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | | |
| 1/10 LEOKADIA C | | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 1/11 LEOKADIA C | | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | | |
| 1/11 LEOKADIA C | | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 1/12 LEOKADIA C | | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | | |
| 1/12 LEOKADIA C | | REGULAR | PCQ | 3.00 | 12.840 | 30.51 | | |
| 1/13 LEOKADIA C | | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | | |
| 1/13 LEOKADIA C | | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 1/14 LEOKADIA C | | OVERTIME | PCQ | 5.00 | 12.840 | 64.20 | | |
| 1/14 LEOKADIA C | | OVERTIME | PCQ | 3.00 | 12.840 | 38.52 | | |
| 1/15 LEOKADIA C | | OVERTIME | PCQ | 5.00 | 12.840 | 64.20 | | |
| 1/15 LEOKADIA C | | OVERTIME | PCQ | 3.00 | 12.840 | 38.52 | | |

*TOTAL QUANTITY*

|  | GROSS PAY | FICA | FED TAX | STATE | LOCAL | MISC | NET PAY |
|---|---|---|---|---|---|---|---|
|  | | 56.00 | | | | | |
| CHECK: | 719.04 | 40.63 | 38.48 | 25.42 | | .60 | 613.91 |
| Y.T.D. | 2080.62 | 117.56 | 103.96 | 71.33 | | | |

Utopia Home Care, Inc.

SHENITHIA COWELL,

BRANCH- 002
CHECK #620249

S.S. # XXX-XX-6441          PERIOD ENDING 7/01/12     EMP#B08990     MAIL CODE Y     CHECK DATE- 7/06/12

LOCATION

| | PAY TYPE | POS | QUANTITY | RATE | EARNINGS | CODE | AMT |
|---|---|---|---|---|---|---|---|
| 6/25 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | 05 | .60 |
| 6/25 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 6/26 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | | |
| 6/26 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 6/27 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | | |
| 6/27 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 6/28 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | | |
| 6/28 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 6/29 LEOKADIA C | REGULAR | PCQ | 5.00 | 12.840 | 64.20 | | |
| 6/29 LEOKADIA C | REGULAR | PCQ | 3.00 | 12.840 | 38.52 | | |
| 6/30 LEOKADIA C | OVERTIME | PCQ | 5.00 | 12.840 | 64.20 | | |
| 6/30 LEOKADIA C | OVERTIME | PCQ | 3.00 | 12.840 | 38.52 | | |
| 7/01 LEOKADIA C | OVERTIME | PCQ | 5.00 | 12.840 | 64.20 | | |
| 7/01 LEOKADIA C | OVERTIME | PCQ | 3.00 | 12.840 | 38.52 | | |

*TOTAL QUANTITY*     56.00

| | GROSS PAY | FICA | FED TAX | STATE | LOCAL | MISC | NET PAY |
|---|---|---|---|---|---|---|---|
| CHECK: | 719.04 | 40.63 | 38.48 | 25.42 | | .60 | 613.91 |
| Y.T.D. | 18882.55 | 1056.87 | 895.66 | 623.96 | | | |

# EXHIBIT E



**UTOPIA**
HOME CARE, INC.
*Caring For You Like Family*

August 10, 2012

Dear Valued Employee:

Recent changes in the economy have forced us to make some difficult decisions here at Utopia Home Care, Inc. Due to the severity of State and Federal reimbursement reductions, increased taxes and assessments, home care agencies have been forced to reevaluate all aspects of their operations to ensure that we remain viable in the future and can continue to offer job security to the many thousands of people we employ. Regrettably, as a last resort, we have no other option but to reduce your hourly rate for many of the non-Medicaid reimbursed cases.

The adjusted hourly rate will be $10.00/ hour (Suffolk) and $9.50 (Nassau). The overtime rate will remain at $10.88/hour. The new rates will take effect on Monday, August 20, 2012, and will be reflected in your August 27, 2012 pay check.

Please know that we are all working hard to overcome the hardships created by this economy and enacted legislation. We will continue to fight on both the state and Federal level to ensure that the politicians are aware of the vital service you provide for those in need.

Together we will all overcome these difficult times. Thank you for your loyalty and dedication to Utopia.

Sincerely,

Diane Martinez
Executive Vice President

**Corporate Office** • 60 East Main Street • Kings Park, NY 11754 • **P** (631) 544-6005