UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ NOV 16 2015 ★

LONG ISLAND OFFICE

-----------------------------------------------------------X

SHENITHIA COWELL, individually and on
behalf of all similarly situated individuals,

MEMORANDUM AND ORDER

              Plaintiff,

CV 14-0736

     -against-

(Wexler, J.)

UTOPIA HOME CARE, INC.,

            Defendant.

-----------------------------------------------------------X

APPEARANCES:

JOHNSON BECKER, PLLC
By:    Jacob R. Rusch, Esq.
33 South Sixth Street, Suite 4530
Minneapolis, Minnesota 55402
Attorneys for Plaintiff

SOMERS SCHWARTZ, P.C.
By:    Jason J. Thompson, Esq.
        Jesse L. Young, Esq.
One Towne Square, Suite 1700
Southfield, MICHIGAN 48076
Attorneys for Plaintiff

JACKSON LEWIS P.C.
By:    Paul J. Siegel, Esq.
        Ana C. Shields, Esq.
        Noel P. Tripp, Esq.
58 South Service Road, Suite 250
Melville, NY 11747
Attorneys for Defendant

WEXLER, District Judge:

      Plaintiff Shenithia Cowell ("Cowell" or "Plaintiff") brings this action, individually and on

behalf of others similarly situated, against Defendant Utopia Home Care, Inc. ("Utopia" or

"Defendant") for failure to pay proper wages owed under Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§ 201, *et seq.* and under New York law, specifically the New York Payment of Wages

("NYPOW"), §§ 190, *et seq.*, New York Minimum Wage Act ("NYMWA") , §§ 650, *et seq.*, and

12 N.Y.C.R.R. §§ 142, *et seq.* Defendant moves to dismiss pursuant to Federal Rules of Civil

Procedure ("Fed.R.Civ.P."), Rule 12(b)(6) and to strike certain paragraphs of Plaintiff's

complaint pursuant to Rule 12(f). For the reasons discussed below, Defendant's motion to

dismiss is denied and Defendant's motion to strike is granted.

BACKGROUND

I.    Plaintiff's Allegations

The following facts are alleged in Plaintiff's second amended complaint ("Complaint" or

"Cmplt."). Utopia is a New York corporation that provides in-home personal care. It operates in

six states and employs from 1000-5000 people as nurses, therapists, home-health aides, personal

care aides, live-in aides and homemakers. Cmplt. ¶¶ 2, 12-15. Plaintiff was employed by Utopia

from 2003 through January 2013 as a Home Health Aide ("HHA"). Cmplt. ¶ 10.

Plaintiff alleges that as a HHA, she regularly worked more than 40 hours per week in the

home of Utopia's clients providing "domestic services." Cmplt. ¶ 17. Plaintiff alleges those

services included:

> meal preparation and service; shopping for groceries and other items; washing clothes;
> errands outside of the home; shopping for supplies; medical and other appointments;
> personal hygiene care, dressing, and cleaning; and performing general household cleaning
> including mopping, vacuuming, and sweeping floors throughout the house; vacuuming
> the stairs and upstairs bathrooms, hallways, and common areas including those not
> utilized by Defendant's client; making beds; washing dishes; dusting the whole house;
> cleaning the refrigerator, and oven; cleaning all bathrooms; cleaning the whole house;
> sorting and removing of trash; shoveling snow and helping with lawn care and gardens.

Id. ¶ 17. Plaintiff alleges she "spent approximately one-third of her time performing general

household duties." Id.

Plaintiff alleges she regularly worked over 50 hours per week and performed general household work more than 20 percent of that time. Id. ¶ 24. Plaintiff received only straight-time compensation for all hours worked, even for those hours worked over forty. While her pay stub reflected "OVERTIME," she did not receive a wage at one and one-half her regular rate for those hours worked over forty per week. Id. ¶ 25.[1] Plaintiff also alleges that pursuant to Defendant's policy, she regularly reported to work ten minutes early, which was not reported on her payroll records and for which she was not paid, even though she did work during that time. Id. ¶ 20-22.

According to Plaintiff, Utopia knew that the domestic companionship service exemption to overtime and minimum wage requirements does not apply if the employee performs "general household work" for more than 20 percent of their weekly hours. Id. ¶¶ 26-31.

The Complaint includes collective action allegations on behalf of other HHA or personal care aid ("PCA") employees of Utopia who also were not paid for time worked prior to the start of their shift and/or were not paid the proper overtime for hours worked over forty. Id. ¶¶ 35. Plaintiff alleges these other employees, who number in the thousands and were employed in similar positions and subjected to the same policies of Defendant, share the common question of whether they were exempt or employed to perform general household work more than 20 percent of their weekly hours. Id. ¶¶ 37-40.[2] Plaintiff makes similar allegations to support a class action on her claims under New York law. Id. ¶¶ 42-47.

─────────────────────

[1] Examples of Plaintiff's pay stubs are attached to the Complaint as Exhibit ("Ex.") C.

[2] The Court has previously ruled that Plaintiff's motion for class certification can be filed following this motion to dismiss.

Plaintiff asserts claims under the FLSA, NYMWA and NYPOW for failure to pay overtime and for failure to compensate Plaintiff for her pre-shift work, and for failure to keep accurate records. Plaintiff also asserts a claim for breach of contract for Defendant's failure to pay Plaintiff her hourly rate for uncompensated pre-shift work and a breach of good faith and fair dealing for not keeping proper records of Plaintiff's work.

## II.    Defendant's Motion to Dismiss

Defendant moves to dismiss, claiming that even accepting the allegations as true, they do not adequately state a claim that Plaintiff performed a sufficient amount of "general household work" to eliminate the exemption; nor do they adequately state a claim for unpaid work. Defendant also argues that the breach of contract claim for her unpaid time is not permitted under the FLSA or New York wage laws, and even if not dismissed on the merits, should be referred to state court since it raises a novel question. Finally, Defendant moves to strike paragraphs 4, 27 and 28 from Plaintiff's complaint, arguing they contain inflammatory, extraneous and immaterial references not appropriate for a complaint. Plaintiff opposes Defendant's motion in its entirety.

## DISCUSSION

## I.    Standards on Motion to Dismiss

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true and draw all reasonable inferences in favor of the plaintiff. Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 113 (2d Cir. 2013) (citations omitted); Martine's Service Center, Inc. v. Town of Wallkill, 2014 WL 321943, *1 (2d Cir. 2014) (citations omitted); Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 58-59 (2d Cir. 2010). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court

rejected the standard set forth in Conley v. Gibson, 355 U.S. 41 (1957) that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. The Supreme Court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The "short and plain" pleading standard of Rule 8 of the Fed.R.Civ.Proc. does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, at 678, quoting Twombley, at 555 (other citations omitted). Although heightened factual pleading is not the new standard, Twombley holds that a "formulaic recitation of cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Twombley, at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, at 679. Reciting bare legal conclusions is insufficient, and "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, at 679. A pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." Iqbal, at 678-679.

II.    Overtime Claims

Defendant Utopia argues that Plaintiff's allegations, even accepted as true, fail to meet the pleading standards required by Iqbal since they do not state a claim under the FLSA or New York law that is "plausible on its face." Instead, Defendant argues the complaint merely makes

-5-

formulaic recitals of the elements of the claim, asserting no more than legal conclusions, and thus falling short of the Iqbal demand that a "plausible" claim be stated.

A. The "Companionship Services" Exemption

The critical issue in this case is whether the Plaintiff and other class members fall within the "companionship services" exemption. 29 U.S.C. § 213 lists exemptions to the minimum wage and maximum hour requirements of the FLSA, 29 U.S.C §§ 206 and 207. The requirements do not apply to "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary)." 29 U.S.C. § 213(a)(15).

29 C.F.R. § 552.6, applicable to the employment at issue here, states that companionship services means providing "fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs." It states such services may include:

> household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services. They may also include the performance of general household work: *Provided, however,* That such work is incidental, i.e., does not exceed 20 percent of the total weekly hours worked.

29 C.F.R. § 552.6, effective until January 1, 2015 (italics in original).

The Department of Labor issued an opinion letter in March 15, 1995 on the companion services exemption, distinguishing work related to the "personal care" of the patient versus "general household work." It states that "such activities as cleaning the patient's bedroom, bathroom or kitchen, picking up groceries, medicine, and dry cleaning would be related to

personal care of the patient" which would be "the type of household work that would be exempt work." See USDOL Opinion Letter, 1995 DOLWH Lexis 22, at *2. It continues on to say:

> However, activities involving heavy cleaning such as cleaning refrigerators, ovens, trash or garbage removal and cleaning the rest of a "trashy" house would be general household work or nonexempt work that is subject to the 20 percent time limitation.

Id.

Defendant argues that to state a claim for non-exempt work, Plaintiff must state that the amount of "general household work" she did each week exceeded 20% of her work that week. Defendant argues Plaintiff's allegations here do not meet this burden, and fail to provide facts indicating the household work she performed was not exempt work that was performed for the personal care of the patient. Defendant also argues Plaintiff merely makes conclusory allegations that do no more than track the language of the statute and are insufficient based on Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106 (2d Cir. 2013).

The allegation of Plaintiff's complaint that is critical to this issue is paragraph 17. It states:

> Throughout her employment with Defendant, Plaintiff regularly worked more than forty (40) hours per week in the home of Defendant's client(s) to whom she was assigned by Defendant to provide domestic services; including, but not limited to, meal preparation and service; shopping for groceries and other items; washing clothes; errands outside of the home; shopping for supplies; medical and other appointment; personal hygiene care, dressing, and cleaning; and performing general household cleaning including mopping, vacuuming, and sweeping floors throughout the house; vacuuming the stairs and upstairs bathrooms, hallways, and common areas including those not utilized by Defendant's client; making beds; washing dishes; dusting the whole house; cleaning the kitchen, refrigerator, and oven; cleaning all bathrooms; cleaning the whole house; sorting and removing of trash; shoveling snow and helping with lawn care and gardens. Plaintiff spent approximately one-third of her time performing general household cleaning duties.

Cmplt., ¶ 17.

The parties point to three cases to argue their positions concerning whether the allegations here sufficiently state a claim: Torres v. Ridgewood Bushwick Senior Citizens Homecare Council Inc., No. 08-CV-3678, 2009 WL 1086935 (E.D.N.Y. April 22, 2009); and Herrera v. Council for Human Services Home Care Services Corp., No. 05-CV-10734, 2008 WL 4104025 (S.D.N.Y. August 28, 2008); and Lamar v.Sunnyside Community Services, Inc., No. 11-CV-4439, 2012 WL 3288770 (E.D.N.Y. August 9, 2012).

In Torres, the Court granted a motion to dismiss, finding the plaintiff's allegations did not sufficiently state that the work performed was non-exempt. Relying on the language of the exemption regulation and the DOL Opinion Letter cited above, the Court found that the complaint -- that alleged that plaintiff's work included cleaning the client's house, preparing meals, bathing the patient, doing laundry and making and changing the bed -- failed since they did not allege any "heavy cleaning," and "all of plaintiff's work as alleged in the complaint would constitute household work related to the care of the client." Torres, at *4. Indeed, the plaintiff conceded at oral argument that she had not done any of the "heavy cleaning" work described in the DOL Opinion Letter. Id. The Court found that "[p]laintiff's allegations compel the conclusion that they have not spent 20% or more of their time performing 'general household work' as that term is defined under exemption," and granted the motion to dismiss. Id. at *5.

The plaintiff in Herrera also claimed that she performed general household work for more than 20 percent of her total hours worked. The Court dismissed her complaint, finding that her "bare allegation" that she "performed work as a 'home health attendant and related activities'" did not support her claim, and granted leave to replead. Herrera, 208 WL 4104025, at *2.

In Lamur, a motion to dismiss was denied where Plaintiff alleged she spent one-third of

her time on general household duties, which included removing garbage, cleaning the refrigerator and oven, cleaning hallways and common areas. Id., 2012 WL 3288770, at *3 (distinguishing the allegations of Lamur with those of Torres).

Here, Defendant argues that Plaintiff's allegations are devoid of factual support indicating that general household work constituted more than 20% of her hours worked. Specifically, Defendant argues that Plaintiff fails to indicate the time she spent doing non-exempt work, or identifying the weeks in which the non-exempt work was performed. Defendant also challenges whether Plaintiff could have spent 11.2 hours per week (20% of Plaintiff's 56-hour work week) doing "general household work" while "caring for a paraplegic client and surely did not do so week after week." See Defendant's Memorandum of Law in Support ("Def. Mem."), at 8-9.

Defendant's arguments are unpersuasive. Unlike the plaintiff in Torres , who conceded she did not do any "heavy cleaning" and failed to allege any general household work, or the plaintiff in Herrera who made only "bare allegations" that she worked as a home health aide and performed "related activities," Plaintiff here alleges she spent one-third of her time on general household cleaning, "including mopping, vacuuming, and sweeping floors throughout the house; vacuuming the stairs and upstairs bathrooms, hallways, and common areas including those not utilized by Defendant's client; making beds; washing dishes; dusting the whole house; cleaning the kitchen, refrigerator, and oven; cleaning all bathrooms; cleaning the whole house; sorting and removing of trash; shoveling snow and helping with lawn care and gardens." Cmplt. ¶ 17. The Court disagrees with Defendant and finds that the pleadings standard do not require Plaintiff to specifically allege the particular time of her day or week spent on general household duties versus exempt work dedicated to the personal care of the patient. Plaintiff alleges the type of

work she performed, which indicates it is in the nature of "general household work," and that she spent one-third of her total hours worked on such tasks. The Court finds such allegations sufficiently state a plausible claim the Plaintiff is not covered by the exemption, and denies the motion to dismiss.[3] See Lamur, at *4.

Defendant's argument that it is not credible that Plaintiff spent that amount of time on general household work while caring for a paraplegic is misplaced at this stage of the proceedings. In evaluating a motion to dismiss, the Court must accept Plaintiff's allegations as true, and "then determine whether they plausibly give rise to an entitlement to relief," Iqbal, at 679, which as stated above, the Court does. Defendant is not precluded from making the argument that Plaintiff could not or did not spend the requisite amount of time on general household tasks in a motion for summary judgment, following discovery.

B. Plaintiff's Claim for Off-the-Clock and Overtime Work

Defendant also argues that even if Plaintiff's allegations sufficiently state that the companion services exemption does not apply to her, her claims for off-the-clock and overtime wages do not state a claim. Defendant argues that Plaintiff's vague, formulaic allegations merely track the elements of the claim and fail to meet the pleading standards of Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106 (2d Cir. 2013) and Nakahata v. New York-Presbyterian Healthcare Sys., 723 F.3d 192 (2d Cir. 2013).

_____

[3]Defendant also argues that Plaintiff's claim fails because she does not sufficiently allege that Defendant had knowledge that Plaintiff was performing non-exempt work for more than 20% of her work week, citing White v. Baptist Mem'l Health Care Corp., 699 F.3d 869, 873-76 (6th Cir. 2013). The Court disagrees. The Court finds that Plaintiff has alleged Defendant's knowledge in paragraphs 4, 26, 27 and 29 of the Complaint, and further notes that the case cited - concerning summary judgment on whether the employer had reason to know the plaintiff was actually performing work during mealtime - is not analogous to the issues here.

In Lundy, the Second Circuit found that plaintiffs' overtime claims failed because they did not allege a "single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours." Lundy, 711 F.3d at 114. In Nakahata, the Second Circuit affirmed the dismissal of an FLSA overtime claim where plaintiff alleged she and the class members "regularly worked hours both under and in excess of forty per week and were not paid for all of those hours." Nakahata, 723 F.3d at 199. The Second Circuit ruled these allegations failed since they did not provide "sufficient facts to make it plausible that they worked uncompensated hours on excess of 40 in a given week." Id. at 201. The Court further stated that a plaintiff "must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a week." Id. Leave to replead was granted. Id. at 201; 205.

The Court finds that the complaint at issue here is distinguishable from those in Lundy and Nakahata. Here, Plaintiff alleges that she regularly worked over fifty hours a week, which is supported by the pay stubs attached to the complaint reflecting 56 hour work weeks. Cmplt. ¶ 24; Ex. C: pay stubs. The issue here is not whether the pre-shift hours contribute to reaching the forty hour threshold, which was an issue in both Lundy and Nakahata. The issue here is whether the allegations sufficiently state a claim for (overtime) wages due for the pre-shift work.

Plaintiff alleges it was Defendant's established policy that all home health aides and personal care aides report to work at least 10 minutes prior to the start of their shift, during which time work was performed. Cmplt. ¶¶ 20-21. Plaintiff alleges that her time records do not reflect the extra ten minutes of pre-shift work she performed. Cmplt. ¶ 22. Taking the allegations as true, the Court finds that they sufficiently state a claim that Plaintiff was entitled to overtime for

-11-

those hours worked.[4] The Court finds that these allegations provide sufficient detail about the length and frequency of the pre-shift work found lacking in Lundy and Nakahata, and denies Defendant's motion to dismiss the complaint on this basis.[5]

III.    Breach of Contract Claim

Plaintiff also asserts a breach of contract claim, which seeks to recover wages owed for her pre-shift work. See Plaintiff's Memorandum of Law in Opposition ("Pl. Mem."), at 18-19. The parties recognize that as long as the worker is paid minimum wage or more, the FLSA does not provide a claim for unpaid hours in week, even if overtime is due. Lundy, 711 F.3d at 116, citing United States v. Klinghoffer Bros. Realty Corp., 285 F.2d 487, 494 (2d Cir. 1960). Therefore, it appears that by this theory, Plaintiff seeks to recover wages due for non-overtime, pre-shift work. To support this claim, Plaintiff alleges Defendant offered to pay her an hourly wage, which she accepted by performing the work, including the required pre-shift work, and that Defendant's failure to pay Plaintiff for all the time she worked constitutes a breach of a contract to pay her for work performed, as well as a breach of the good faith and fair dealing for failure to keep track of hours worked. Cmplt. ¶¶ 75-85.

Defendant argues that if this Court dismisses the FLSA claims, it should not maintain jurisdiction over this claim, which Defendant calls a "novel issue of state law." See Def. Mem., at 19-20. Plaintiff argues the claim is not to recover overtime due under the FLSA or NYLL, but for

_____

[4]The validity of the FLSA claim is based on the premise that the total hours worked in that given week equal or exceed forty.

[5]The Court is not persuaded that Plaintiff's allegations on this issue contradict allegations of an earlier complaint or Plaintiff's declaration, or that such contradictions, even if such do exist, warrant dismissal of the complaint at this stage. Defendant is free to raise this issue in a motion for summary judgment if appropriate after discovery, or at the time of trial.

wages owed for work performed under a breach of contract theory, see Pl. Mem., at 19, and issues

of preemption under the FLSA or NYLL are not implicated.

As noted above, the Court declines to dismiss the FLSA claims. The Court finds that

Plaintiff's allegations cited above sufficiently state a claim for breach of contract for unpaid

wages, and denies Defendant's motion to dismiss the breach of contract claim.

IV.    Motion to Strike Paragraphs 4, 27 and 28

Defendant also moves to strike pursuant to Rule 12(f) allegations in Plaintiff's Complaint

that reference other litigations against Utopia as inflammatory, extraneous and immaterial.

Specifically, paragraph 4 references other litigations against this Defendant in this district and in

Florida, and paragraphs 27 and 28 contain excerpts of a deposition taken of a Utopia executive in

one of these other litigations to show that Defendant was aware of the companion services

exemption and its application. Plaintiff asserts such references are relevant to its claim of

wilfulness.

The Court agrees that references to other litigations against this Defendant are

"immaterial, impertinent or scandalous" and inappropriate in a complaint, and are not necessary to

allege wilfulness. Defendant's motion to strike is granted, and Plaintiff is directed to file a third

amended complaint, without references to the other litigations or excerpts of deposition testimony

in paragraphs 4, 27 and 28, within two weeks of this Order.

CONCLUSION

For the reasons stated above, the Court hereby denies Defendant's motion to dismiss, and

grants Defendant's motion to strike portions of paragraphs 4, 27 and 28. Plaintiff is directed to

file a third amended complaint within two weeks. Counsel are directed to Magistrate Judge

-13-

Steven Locke to complete discovery, and Plaintiff's counsel shall contact the Court if they continue to seek permission to move for conditional certification.

SO ORDERED.

s/ Leonard D. Wexler

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
November 16, 2015