UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHENITHIA COWELL, individually and on behalf of all similarly situated individuals,

        Plaintiff,

  v.

UTOPIA HOME CARE, INC.,

        Defendant.

Case No. 14 Civ. 00736 (LDW)(SIL)

# DEFENDANT'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE LOCKE'S AUGUST 8, 2016 MEMORANDUM AND ORDER

FORDHARRISON LLP
Philip K. Davidoff
Jennifer A. Williams
60 East 42nd Street, 51st Floor
New York, NY  10165
(212) 453-5900
(212) 453-5959 (facsimile)
Attorneys for Defendant

Table of Contents

I. PRELIMINARY STATEMENT ........................................................................................................ 1
II. ARGUMENT ..................................................................................................................................... 3
   A.   Applicable Legal Standard ........................................................................................................ 3
   B.   The Locke Opinion Was Not Clearly Erroneous or Contrary to Law ............................................. 4
        1.   *Conditional Certification is Discretionary and Not Automatically Granted.* ............................. 4
        2.   *Plaintiff Failed to Factually Connect Her Claims to an Unlawful Policy or Plan.* ................... 5
        3.   *The Cases Plaintiff Relies On in Her Objections Are Not Germane to The Instant Action.* .... 8
   C.   Magistrate Judge Locke's Opinion Properly Considered Judicial Efficiency. ............................... 10
III. CONCLUSION ................................................................................................................................ 11

TABLE OF AUTHORITIES

*Cases*

*Barry v. S.E.B. Service of New York, Inc.*,
　No. 11-CV-5089 (SLT)(JMA), 2013 WL 6150718, (E.D.N.Y. Nov. 22, 2013)………………..8

*Bijoux v. Amerigroup New York, LLC,*
　14-CV-3891, 2015 WL 4505835, (E.D.N.Y. July 23, 2015)……………………………………8

*Chillemi v. Town of Southamption*,
　No. 12-CV-3370, 2015 WL 5838724, (E.D.N.Y. Oct. 7, 2015)……………..……………...…..4

*Glatt v. Fox Searchlight Pictures, Inc.,*
　811 F.3d 528, 540 (2d Cir. 2016)................................................................................... 4

*Guillen v. Marshalls of MA, Inc.*,
　No. 09 CIV. 9575 LAP GWG, 2012 WL 2588771 (S.D.N.Y. July 2, 2012)............................ 5

*Jenkins v. TJX Companies Inc.*,
　853 F. Supp. 2d 317 (E.D.N.Y. 2012)..................................................................................... 5

*Lawrence v. Maxim Healthcare Services, Inc.,*
　No. 1:12CV2600, 2013 WL 5566668, (N.D. Ohio Oct. 9, 2013)………………………………9

*Myers v. Hertz Corp.*,
　624 F.3d 537 (2d Cir. 2010) ....................................................................................... 4, 5, 10

*Ravenell v. Avis Budget Car Rental, LLC.,*
　No. 08-CV-2113, 2010 WL 2921508 (E.D.N.Y. July 19, 2010) …………………………….8

*Rodriguez v. Pie of Port Jefferson Corp.*,
　84 F. Supp. 3d 140, 141 (E.D.N.Y. 2015)…………………………………………….….4

*Securities & Exchange Commission v. CKB168 Holdings Ltd.,*
　13-CV-5584 (RRM) (RLM) 2016 WL 2853527……………………………………….3

*Severin v. Project Ohr, Inc.*,
　No. 10 CIV. 9696 DLC, 2012 WL 2357410 (S.D.N.Y. June 20, 2012) ................................ 10

*Statutes*

29 U.S.C. § 213(a)(15)................................................................................................. 2

29 U.S.C. § 216(b) ....................................................................................................... 1

*Regulations*

29 C.F.R. § 552.6 ............................................................................................................... 2, 6

*Rules*

Fed. R. Civ. P. 72(a)………………………..……………………………………....…….3, 11

On January 8, 2016, Plaintiff[1] Shenithia Cowell ("Plaintiff" or "Cowell") moved the Honorable Steven J. Locke for an Order conditionally certifying this case as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and authorizing dissemination of Notice and Consent to Sue forms to current and former home health aides ("HHA") and personal care aides ("PCA") (together, "HHAs")[2] employed in the last three years by defendant, Utopia Home Care, Inc. ("Defendant" or "Utopia").  Defendant opposed Plaintiff's motion.

After receiving substantial briefing and presiding over an exhaustive oral argument, on August 8, 2016, Magistrate Judge Locke issued a thoughtful, eighteen-page Memorandum and Order, in which he denied Plaintiff's motion (the "Locke Opinion").  Not satisfied with Judge Locke's sound analysis, Plaintiff now requests that this Court overturn the Locke Opinion — an application that is neither justified in fact nor law and one that is little more than an attempt to obtain an improper second bite at the apple.  Defendant respectfully submits this memorandum in response to Plaintiff's objections.

## I. PRELIMINARY STATEMENT[3]

As more fully set forth in its memorandum in opposition to conditional certification, at all relevant times, Defendant had a facially lawful policy of classifying HHAs as exempt from FLSA overtime wages, as it was allowed to do pursuant to the "companionship services

---

[1] Cowell is the only named plaintiff at this time.  Three additional individuals have filed consents to sue to opt-in. Two of those three submitted declarations in support of Plaintiff's motion for conditional certification, discussed herein at times as the "Opt-In Plaintiffs."

[2] PCAs receive somewhat less training than HHAs and are not qualified to do all of the tasks performed by an HHA.  Conversely, HHAs are trained to perform all the tasks of a PCA.  For purposes of this motion, there is no meaningful distinction between the two.  See Locke Opinion at 2.

[3] For a full recitation of the relevant facts, Defendant respectfully refers the Court to its Memorandum in Opposition to Plaintiff's Motion for Conditional Certification and Court Authorized Notice filed on February 20, 2016 ("Def. Opp."), Docket Entry #50 at pp. 3-7.

exemption" of the FLSA.[4]  In her motion for conditional certification, Plaintiff attempted to transform a perfectly legal and valid policy into an unlawful one, by claiming that she performed duties outside of the scope of the companionship services exemption.  But, in doing so, Plaintiff, in fact, submitted evidence that established she did not perform duties outside the scope of the companion services exemption and, even if she had performed those duties, the unique and individualized "Plans of Care" utilized by Utopia's HHAs precluded a finding that she was similarly situated to other HHAs.  *See generally* Def. Opp. at 12-18.

Judge Locke thoroughly and properly analyzed the issue at the heart of Plaintiff's motion — namely, whether Plaintiff made a factual showing sufficient to demonstrate that Defendant subjected her and other HHAs to a common unlawful policy, such that conditional certification would be appropriate.  *See generally* Locke Opinion, Docket Entry #57.  It is not surprising that, after much consideration, Judge Locke ultimately concluded that Plaintiff had failed to meet the lenient standard of conditional certification: In support of her motion, Plaintiff presented no evidence of a common unlawful policy and offered only conclusory and self-serving statements as to whether there were employees similarly situated to Plaintiff.  Given the absence of evidence and the fact that a collective action in this context would result in "thousands of mini-trials" to resolve the nature of the tasks performed and to ascertain whether each class member is ultimately exempt, Judge Locke appropriately utilized his

---

[4] The FLSA's "companionship services" exemption exempts from federal overtime wage requirements all individuals "employed in domestic service employment who provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary)." 29 U.S.C. § 213(a)(15). "Companionship services" is defined as "those *services which provide fellowship, care, and protection for a person* who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs." 29 C.F.R. § 552.6 (emphasis added); *see also* Def. Opp. at 9-10 (addressing the scope of the companionship services exemption).  Subsequent to Plaintiff's employment with Defendant, revisions to the companionship services exemption became effective, but they are inapplicable to the present case. *See* Def. Opp. at 9 n. 16; Locke Opinion at 7 n.1.

2

discretion and denied Plaintiff's motion. *See* Locke Opinion at 15-16 (finding, among other things, that granting Plaintiff's motion would result in "an outcome [that] [wa]s exactly what the collective action mechanism was designed to avoid").

In her objections, Plaintiff concedes, as she must, that Judge Locke set forth the proper legal and discretionary standard for determining a motion for conditional certification of a collective action under the FLSA. Plaintiff merely disagrees with *how* Judge Locke exercised his discretion. Moreover, Plaintiff's argument before this Court cannot be squared with the evidence presented to Judge Locke. There are simply no facts in the record to support the legal theories she espouses in support of her objections.

The law is of no assistance to Plaintiff in this matter either. Among other problems, she urges this Court to overlook factually and procedurally on-point precedent from the Southern District of New York that Judge Locke reasonably relied on, in favor of one, out-of-Circuit case from the Northern District of Ohio that relied on a unique feature of Sixth Circuit law and wholly ignored the issue of judicial efficiency.

For these reasons and those explained more fully below, Defendant respectfully requests that this Court deny Plaintiff's motion and leave Judge Locke's well-reasoned opinion undisturbed.

## II. ARGUMENT

### A. Applicable Legal Standard

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a district judge may modify or set aside a non-dispositive ruling by a magistrate judge *only* if that ruling "is clearly erroneous or is contrary to law." *See* Fed. R. Civ. P. 72(a). To satisfy the "clearly erroneous" standard, it is not enough that "the court would have decided the matter differently." *See Securities & Exchange Commission v. CKB168 Holdings Ltd.,* 13-CV-5584 (RRM) (RLM) 2016

WL 2853527, at *1 (E.D.N.Y. May 13, 2016).  Moreover, "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority." *See id.* (quoting *Pall Corp. v. Entegris, Inc.*, 655 F.Supp.2d 169, 172 (E.D.N.Y. 2008)).  Indeed, "under this highly deferential standard of review, a district court may reverse the magistrate's order only if, 'on the entire evidence,' the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Rodriguez v. Pie of Port Jefferson Corp.*, 84 F.Supp.3d 140, 141 (E.D.N.Y. 2015) (Wexler, J.) (quoting *Gray v. City of New York*, No. 10-CV-3039, 2013 WL 3093345, at *2 (E.D.N.Y. June 18, 2013)).

"The moving party's burden under Rule 72 is a heavy one, and the highly deferential standard imposes a heavy burden on the objecting party and only permits reversal where the magistrate abused h[is] discretion." *Chillemi v. Town of Southampton*, No. 12-CV-3370, 2015 WL 5838724, at *8 (E.D.N.Y. Oct. 7, 2015) (internal quotation and citation omitted).

**B.**     **The Locke Opinion Was Not Clearly Erroneous or Contrary to Law**

    **1.**     *Conditional Certification is Discretionary and Not Automatically Granted.*

It is well-established in this Circuit that, to proceed with a conditionally certified collective action, Plaintiff must make a factual showing that she and other HHAs were "similarly situated," meaning they "together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.,* 624 F.3d 537, 355 (2d Cir. 2010); *see also Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016) (holding plaintiff must point to common proof that addressed the "most important question" of whether interns were incorrectly classified).  Notably, in setting forth the relevant standard, Plaintiff relies on opinions issued prior to the seminal Second Circuit decision in *Myers v. Hertz* and states that "*courts in this Circuit require nothing more than substantial allegations*" of an unlawful policy or plan.  *See* Pl. Mem. at 6 (quoting *Summa v. Hofstra Univ.*, 715 F.Supp.2d 378, 386 (E.D.N.Y. 2010)) (emphasis by

4

Plaintiff).  Clearly, allegations alone, no matter how substantial, can never justify conditional certification of a collective action.  *See, e.g.*, *Myers*, 624 F.3d at 355.

As Judge Locke correctly noted in his opinion, Plaintiff must make a *factual* showing, and although that showing need only be modest, "certification is not automatic."  *See* Locke Opinion at 10 (quoting *Romero v. H.B. Auto. Grp., Inc.,* No. 11 Civ. 386, 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012)) (collecting cases); *see also Jenkins v. TJX Companies Inc.*, 853 F. Supp. 2d 317, 322 (E.D.N.Y. 2012) (noting that "modest" in the conditional certification context cannot mean "non-existent").  Thus, Plaintiff's attempts to equate a *modest* factual showing with *no* factual showing should be rejected.  *See* Locke Opinion at 11 ("[T]he required 'modest factual showing' necessary for conditional certification 'cannot be satisfied simply by unsupported assertions.'") (quoting *Myers*, 624 F.3d at 555).

Moreover, the Second Circuit has made clear that it is within a court's "discretion" to determine whether it is an "appropriate" case for collective action treatment.  *See Myers*, 624 F.3d at 554.

### 2. *Plaintiff Failed to Factually Connect Her Claims to an Unlawful Policy or Plan.*

As explained in Defendant's opposition brief, Plaintiff did not and cannot demonstrate that she was subjected to a facially illegal or *de facto* unlawful policy.  *See* Def. Opp. at 12 ("'[T]he relevant practice that binds FLSA plaintiffs together' must be 'the one that is alleged to have violated the statute itself.'") (quoting *Guillen v. Marshalls of MA, Inc.*, No. 09-CIV. 9575 LAP GWG, 2012 WL 2588771, at *1 (S.D.N.Y. July 2, 2012)).  In a FLSA exemption case, "mere classification of a group of employees" as exempt "is not by itself sufficient," *Jenkins*, 853 F. Supp. 2d at 322, because that common classification policy may not be the policy at issue that "violated the law," *Myers*, 624 F.3d at 555.  Here, the gravamen of Plaintiff's claim is that

5

the companionship services exemption should not apply because she spent more than twenty percent of her time performing "general household services" unrelated to the care of her patient.[5]

As support for this claim, in the underlying motion, Plaintiff and the Opt-In Plaintiffs submitted "substantially similar" declarations, *see* Locke Opinion at 13, claiming that they did not receive overtime premium payments and that they spent more than twenty percent of their time performing "general household cleaning duties." *See, e.g.,* Declaration of Shenithia Cowell (Feb. 19, 2016) ("Cowell Decl.") ¶ 6, Docket Entry #49-6.[6]

Judge Locke properly recognized that Plaintiff's and the Opt-in Plaintiffs' ambiguous and conclusory statements concerning their "general household work" were insufficient in and of themselves to negate the application of the companionship services exemption and thereby create an unlawful policy. *See* Locke Opinion at 13. In so finding, Judge Locke relied on Utopia's undisputed policy of issuing a *different* Plan of Care for *each* client, a document that, amongst other things, details the condition of the patient and the tasks the HHA must perform in order to properly care for that patient. *See id.* at 14-15. By definition, thus, any household work contained in the Plan of Care is directly related to the care of the assigned patient. *See generally* Def. Opp. at 3-7; *see also* 29 C.F.R. § 552.6 (companionship services may include "household work related to the care of the aged or infirm person. . . ." ).

---

[5] As more fully explained in Defendant's brief, pursuant to U.S. Department of Labor regulations and a widely-cited Department of Labor opinion letter, "companionship services" includes household work related to the care of a patient, such as meal preparation and cleaning a patient's bathroom. *See* Def. Opp. at 9-10. In addition, the companionship services exemption includes an employee who performs "general household work" (i.e., household work *unrelated* to the care of a patient), but that general household work must not exceed 20 percent of that employee's total weekly hours worked, or the companionship services exemption would be negated. *See id.* at 10-11.

[6] Confusingly, Plaintiff asserts in her declaration that she performed various domestic tasks, such as "meal preparation," "making beds" and "washing clothes," which the DOL had specifically declared did not constitute "general household work." *See* Cowell Decl. ¶ 6.

Importantly, Plaintiff admits that, pursuant to Defendant's policy, Plaintiff was required to follow the Plan of Care and the practices associated therewith. *See* Cowell Decl. ¶ 7. There is simply no allegation, let alone an evidentiary showing, that, to the extent Plaintiff violated the Plan of Care and undertook tasks unrelated to the care of a patient like "heavy cleaning," that Defendant had any knowledge of or took any part in such deviation, such that it would even be conceivable to characterize Plaintiff's alleged actions as a policy or practice of *Defendant's*. *See* Locke Opinion at 14.

To be sure, Plaintiff attempts to demonstrate that thousands of HHAs employed by Utopia across the nation are "similarly situated," by stating in conclusory fashion that "[b]ased on my personal interactions with other home health aides employed by Utopia, I am informed and believe that all home health aides, regardless of location, performed the *same* primary job duties and were subject to the *same* policies and procedures." Cowell Decl. ¶ 9 (emphasis added). Putting aside the fact that this self-serving statement, as well as the cookie-cutter ones contained in the declarations of the Opt-In Plaintiffs, are bereft of any actual detail, Judge Locke assumed these statements to be true, *see* Locke Opinion at 13, and nevertheless found that they were not sufficient to demonstrate that there was an *unlawful* policy. *See* Locke Opinion at 13-17. Rather, whether the tasks performed by the HHAs would negate the exemption (i.e., whether the tasks were unrelated to the care of a patient) would depend on a multitude of factors such as the unique medical needs of the patient, the size and characteristics of the patient's home, and the number of authorized hours — a factually-sensitive analysis ill-suited for conditional certification purposes. *See id.* at 15.

7

3.   *The Cases Plaintiff Relies On in Her Objections Are Not Germane to The Instant Action.*

In her memorandum of law, Plaintiff cites a series of cases that she contends supports her request for conditional certification of a collective action. However, these cases are largely inapplicable to the circumstances of this case.

For example, Plaintiff cites *Bijoux v. Amerigroup New York, LLC* for the proposition that a court must not reject conditional certification "because of variances between [a plaintiff and potential opt-ins'] respective experiences." *See* Pl. Mem. at 9 (quoting *Bijoux*, 14-CV-3891, 2015 WL 4505835, at *10 (E.D.N.Y. July 23, 2015)). In particular, the *Bijoux* court declined to address differences among the work schedule and pay structure of different marketing representatives at the conditional certification stage. *See Bijoux*, 2015 W4505835, at *10. But what Plaintiff omits from her discussion of *Bijoux* is the fact that the policy at issue in that case — requiring the marketing representatives to work off-the-clock — was *de facto* illegal. *See id*. Moreover, *Bijoux* involved those plaintiffs' entitlement to a "bona fide executive" exemption to the FLSA, whereas here the issue is whether Plaintiff falls within an *exception* to the "companion services" exemption — a determination that generally entails a far different and individualized factual inquiry.

In addition, Plaintiff cites *Barry v. S.E.B. Service of New York, Inc.*, which, like *Bijoux*, involved a *de facto* illegal policy (i.e., the failure to pay security guards for travel time between worksites). *See Barry*, No. 11-CV-5089 (SLT)(JMA), 2013 WL 6150718, at *4-5 (E.D.N.Y. Nov. 22, 2013). Moreover, there is a commonality associated with such types of invalid policies that is absent from the present matter. Thus, neither *Bijoux* nor *Barry* support Plaintiff's position.

8

Similarly, Plaintiff's reliance on *Ravenell v. Avis Budget Car Rental, LLC* is unpersuasive. *See* Pl. Mem. at 7-8 (citing *Ravenell*, No. 08-CV-2113, 2010 WL 2921508 (E.D.N.Y. July 19, 2010)). *Ravenell* involved a request for conditional certification of a collective action related to whether a rental car company properly classified their shift managers as exempt from the FLSA. *See generally Ravenell*, 2010 WL 2921508. Essential to that court's decision to grant certification, however, was the fact the defendant's corporate documents that were probative of the exemption at issue (e.g., job descriptions and training materials) "applied to *all* Avis shift managers," no matter their location. *See id.* at *4 (emphasis in original). In the instant action, the tasks each HHA performs varies depending on each patient's Plan of Care. No patient or Plan of Care is the same, so there is no common proof applicable as there was in *Ravenell*.

Finally, Plaintiff urges this Court to follow *Lawrence v. Maxim Healthcare Services, Inc.*, a 2013 opinion issued out of the Northern District of Ohio and one that Judge Locke found distinguishable from the instant matter. *See* Locke Opinion at 16 n.3. As an initial matter, Judge Locke was not bound to follow this case, and therefore his failure to do so, of course, was not "contrary to the law," for purposes of Rule 72(a). *See supra* p. 3. In any event, the *Lawrence* court, citing "applicable Sixth Circuit precedent," declined to even *consider* the application of the companionship services exemption at the conditional stage. *See Lawrence*, No. 1:12CV2600, 2013 WL 5566668, at *3 (N.D. Ohio Oct. 9, 2013). There is no such rule in the Second Circuit. Moreover, as Judge Locke duly noted in his dismissal of *Lawrence*, that court overlooked the importance and central purpose of the FLSA collective action: promoting judicial efficiency. *See* Locke Opinion at 16 n.3

9

Setting aside any unique approach taken in the Sixth Circuit, it cannot be disputed that courts within the Second Circuit have discretion to determine whether a collective action is "appropriate" in a particular case. *See Myers*, 624 F.3d at 554. In *Severin v. Project Ohr, Inc.*, the Honorable Denise Cote exercised that discretion and denied a motion for conditional certification of a collective action of health home aides working with individualized care plans nearly indistinguishable from those at issue in this matter. *See Severin*, No. 10-CV-9696 (DLC), 2012 WL 2357410, at *3 (S.D.N.Y. June 20, 2012). Judge Locke found the reasoning of the *Severin* case persuasive, and his reliance on the *Severin* decision cannot be considered clearly erroneous or contrary to the law. To the contrary, Judge Lock's opinion was fully consistent with the law and well-reasoned.

C. **Magistrate Judge Locke's Opinion Properly Considered Judicial Efficiency.**

Finally, Judge Locke found that "granting Plaintiff's motion would fail to promote judicial efficiency, one of the underlying policies of the collective action mechanism." Locke Opinion at 15. In her objections, Plaintiff attempts to downplay the importance of judicial efficiency concerns by noting that it is not likely that *all* of the thousands of potential opt-in plaintiffs will, in fact, opt in. *See* Pl. Mem. at 14. Even setting aside such unknowable outcomes, Plaintiff overlooks the main policy behind the collective action mechanism: Due to the nature of Plaintiff's claims, there will be *no factual overlap or common proof* amongst the HHAs that would aid judicial efficiency. Each individual HHA's and PCA's work experience is unique to them and their patients. So whether 10 HHAs opted in, 100 HHAs opted in, or 10,000 HHAs opted in, there would be no factual thread between any of the opt-in's experience such that it made sense on a practical level to proceed as a collective action. *See generally* Def. Opp. at 19-22. More to the point for purposes of the instant motion, Plaintiff does not and cannot contend that Judge Locke's consideration of judicial efficiency, a hallmark of a court's discretion, rendered the Locke

10

Opinion clearly erroneous or contrary to the law under Rule 72(a).[7]

### III. CONCLUSION

For these reasons, Defendant respectfully request that the Court deny Plaintiff's motion to overturn Judge Lock's August 8, 2016 Memorandum and Order.

Dated: September 8, 2016
New York, New York

                                            For Defendant,
                                            By: */s Philip K. Davidoff*
                                                  Philip K. Davidoff
                                                  Jennifer A. Williams

---

[7] In a one-sentence footnote without citing case law, Plaintiff objects, in the alternative, to the scope of Judge Locke's discovery schedule. *See* Pl. Mem. at 2 n.1. Plaintiff has not met her heavy burden of establishing that this discovery order was clearly erroneous or contrary to the law.